UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT JORDAN, JR., | ) |
| | ) |
| Plaintiff | ) |
| v. | ) No. 2:17-cv-00025-JHR |
| | ) |
| WILLIAM LABOMBARDE et al., | ) |
| | ) |
| Defendants | ) |

*MEMORANDUM DECISION AND ORDER ON*
*PLAINTIFF'S MOTION IN LIMINE*

In this action involving claims of unlawful search and seizure and false arrest, the plaintiff moves *in limine* to exclude (i) any evidence pertaining to an April 2014 simple assault charge against him and the effect that that charge had on his employment as a corrections officer, and (ii) other evidence from his personnel file, including discipline matters, grievances, union activities, and complaints made by or against him. *See* Plaintiff's Motion *in Limine* ("Motion") (ECF No. 101). The plaintiff contends that such evidence is unrelated to the claims at issue in this case and therefore should be excluded pursuant to Federal Rules of Evidence 403 and 404(b) because any slight probative value is outweighed by the risk of unfair prejudice, misleading the jury, and undue delay. *See id.* at 4-8. Because I conclude that evidence of the plaintiff's assault charge and its effect on his employment has significant probative value with regard to his claims for lost wages and/or diminished earning capacity and that his concerns can be adequately addressed by a limiting instruction to the jury, I deny the plaintiff's motion with respect to the first request; I reserve ruling on the second request pending trial.

## I. Applicable Law

Federal Rule of Evidence 403 provides that courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 "does not aspire to eliminate prejudice – after all, most evidence is offered precisely because the proponent believes it will prejudice the factfinder in his favor – but only to eliminate *unfair* prejudice." *Iacobucci v. Boulter*, 193 F.3d 14, 21 (1st Cir. 1999). Evidence is unfairly prejudicial when it has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Advisory Committee's Note. "In reaching a decision whether to exclude on grounds of unfair prejudice," courts should consider "the probable effectiveness or lack of effectiveness of a limiting instruction." *Id.*

Federal Rule of Evidence 404(b)(1) dictates that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Nevertheless, Rule 404(b)(2) provides that such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *See also United States v. Lynn*, 856 F.2d 430, 435 n.11 (1st Cir. 1988) (noting that the "'laundry list' of admissible purposes for evidence of prior bad acts" contained in Rule 404(b)(2) "is not exhaustive"). Courts should be sensitive that "there is always some danger that the jury will use [Rule 404(b) other act] evidence not on the narrow point for which it is offered but rather to infer

that [a party] has a" certain propensity, particularly where the evidence is "explosive." *United States v. Gilbert*, 229 F.3d 15, 25 (1st Cir. 2000) (citation and internal quotation marks omitted).

## II. Discussion

### A. Assault Charge & Employment Consequences

The plaintiff contends that the probative value of his assault charge and resulting employment consequences is minimal because those events were remote in time to the events at issue in this case, the charge did not result in a conviction, and the charge was "wholly unrelated" to the events in this case. Motion at 3-6. He asserts that any slight probative value is "substantially outweighed" by the danger of unfair prejudice, misleading or confusing the jury, and undue delay or waste of time and that, therefore, the evidence should be excluded under Rule 403. *Id.* at 4-6. In particular, he raises concerns that the jury will impermissibly view the evidence as indicating that he has a propensity for committing "criminal conduct" and/or avoiding "the consequences of criminal conduct" in contravention of Rule 404(b). *Id.* at 6. The plaintiff also points out that his father, the alleged victim in the underlying events in this case, told the police that the plaintiff had assaulted him, thereby increasing the potential prejudicial effect of the evidence.[1] *See id.* at 5.

The defendants, on the other hand, argue that they do not intend to offer the evidence of the assault charge and employment consequences to prove the plaintiff's "character or to prove that [he] had a propensity to engage in certain conduct[,]" but rather as evidence tending to undermine the plaintiff's claims that he suffered lost wages and a diminished earning capacity as a result of their alleged actions. *See* Defendants' Response to Plaintiff's Motion *in Limine*

---

[1] Although the plaintiff is correct in also pointing that evidence of the charge would not be admissible to attack his character for truthfulness under Federal Rule of Evidence 609 because the charge did not result in a conviction, *see* Motion at 4, it does not follow that the evidence must be excluded when offered for a different reason. *Cf. United States v. Norton*, 26 F.3d 240, 243 (1st Cir. 1994) (noting that Rule 609 does not govern the admissibility of evidence of prior convictions when offered for a purpose other than attacking credibility).

3

("Response") (ECF No. 103) at 2-3 (citing Second Amended Complaint (ECF No. 29) ¶¶ 82, 88, 103, 109, 124, 130, 145, 151). They assert that the evidence does not create an unfair risk of prejudice or confusion because it does not "invite the jury to render a verdict against" the plaintiff "on an improper emotional basis." *Id.* at 4. They also argue that, even assuming that the evidence did pose a risk of unfair prejudice, "any such risk would be easily mitigated by a limiting instruction." *Id.*

After carefully considering the parties' briefing and their arguments at oral argument on July 1, 2021, I find that the evidence of the assault charge and resulting employment consequences has significant probative value as to the plaintiff's claims for lost wages and earning capacity. As the defendants point out, "Evidence that Plaintiff faced disciplinary action at work *before* the events that are at issue in this case took place has a tendency to make it less probable that Plaintiff suffered a loss of earning capacity as a result of Defendants' alleged actions." Response at 3. Contrary to the plaintiff's argument that such evidence is too remote in time to have much probative value, *see* Motion at 4-6, the approximately six months between the assault charge and the events at issue in this case do not substantially diminish the probative value of the evidence.

Moreover, I am not convinced that the admission of this evidence poses as much of danger of unfair prejudice to the plaintiff as he suggests. By his own description, the assault charge was "wholly unrelated" to the arrest at issue in this case, "did not involve the same alleged victim," and did not result in a conviction. Motion at 4. Presumably if the evidence comes in at trial, the plaintiff can put forth evidence demonstrating as much. Thus, in a trial that will be focused on factual issues relating to probable cause, unlawful search and seizure, and false arrest, it is difficult to see how the admission of evidence of prior disciplinary action against the plaintiff would invite the jury to render a decision on an improper basis.

I am, however, sensitive to the plaintiff's concerns that the jury might be tempted to use the evidence of the assault charge not just when considering his claims of lost wages and earning capacity but also to infer that he has a propensity for criminal conduct – or avoiding liability for criminal conduct – in contravention of Rule 404(b). Nevertheless, I conclude that the risk of this and any other unfair prejudice can be adequately addressed by instructing the jury to consider the evidence solely for the purpose of assessing the plaintiff's claims of lost wages and/or diminished earning capacity. As the defendants point out, the evidence is not so inflammatory that the jury will be unable to cabin its consideration of it to the appropriate issues. *See* Response at 4; *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (noting that courts "normally presume that a jury will follow an instruction . . ., unless there is an *overwhelming probability* that the jury will be unable to follow the court's instructions" (emphasis added) (citation and internal quotation marks omitted)); *In re PHC, Inc. S'holder Litig.*, 894 F.3d 419, 441 (1st Cir. 2018) ("[Courts] have long recognized the value of limiting instructions. Such instructions, skillfully employed by a district court, often will eliminate – or at least mitigate – a risk of unfair prejudice." (citations omitted)); *cf. United States v. Trenkler*, 61 F.3d 45, 56 (1st Cir. 1995) (affirming a trial court's decision to admit evidence that a defendant on trial for a bombing had been involved in a previous bombing where the court "minimized any risk of unfair prejudice by carefully instructing the jury not to use the evidence of [the previous] bombing to infer [the defendant's] guilt simply because he was a bad person or because the fact he had built a bomb in the past made it more likely he had built a bomb in this case").

Such a limiting instruction will also adequately address the plaintiff's concerns that the jury might be confused or misled by the introduction of evidence regarding his April 2014 assault charge. I note, too, that there does not appear to be any dispute that the plaintiff was charged with

assault and that, although the charge did not result in a conviction, it did have a negative impact on his employment. *See* Motion at 3 ("Plaintiff was not convicted of the charge of simple assault nor was the prosecution pursued by the state. However, the charge was an issue in Plaintiff's employment . . . ."). Thus, although the plaintiff may seek, as he suggests in his motion, to present additional evidence to give the jury more context about "the facts and circumstances of the charge and any" resulting "employment actions or consequences[,]" Motion at 6, I fail to see how such evidence would confuse the jury about the ultimate issues or, for that matter, cause undue delay. *See United States v. Evans*, 728 F.3d 953, 965 (9th Cir. 2013) (holding that the fact that the government would have to present evidence during rebuttal after the defendant offered the evidence it sought to exclude during his case-in-chief did not "rise to the level of an 'undue delay'" under Rule 403, particularly where the evidence had significant probative value); *cf. Gilbert*, 229 F.3d at 24 (affirming the exclusion of evidence of an extrinsic act under Rule 403 where it was not "conceded by all to have taken place" and it was "nearly certain there would be a mini trial" during trial that would, among other things, confuse the issues).

In summary, weighing the probative value of the assault charge evidence against the dangers of unfair prejudice, misleading the jury, and undue delay, I conclude that, with an appropriate limiting instruction, the dangers do not significantly outweigh the probative value and that exclusion is therefore not justified under Rule 403.

### B. Other Evidence from Personnel File

The plaintiff also seeks to exclude other "confidential" and "private" documents from his employment file, including documents relating to "other discipline matters, grievances, union matters[,] and activities and complaints made against or by" him. Motion at 6-8. He argues, as he did with regard to the evidence of the assault charge and resulting employment consequences, that

this evidence has minimal probative value and poses a substantial risk of unfair prejudice and confusing the jury. *Id.* at 7-8. I am not comfortable ruling on the admissibility of such a broad swath of evidence before trial and agree with the defendants' suggestion (made in the alternative to their argument that I should simply deny the request), *see* Response at 5, that I defer ruling until trial is underway and I have the benefit of additional context.

### III. Conclusion

For the foregoing reasons, I ***DENY*** the Motion insofar as it requests the exclusion of evidence relating to the plaintiff's April 2014 simple assault charge and the effect it had on his employment and ***RESERVE*** ruling on the admissibility of other portions of the plaintiff's personnel file pending trial.

Dated this 4th day of July, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge